IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL, SERVICES CORPORATION, | ) ) ) | CASE NO.  5:06 CV 2097 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| FIRSTMERIT CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendants' Motion to Exclude the Report and Testimony of Plaintiff's Expert Witness.  (ECF #55).  Defendants FirstMerit Bank, N.A. and FirstMerit Corporation have requested that this Court exclude the report and testimony of Plaintiff's expert, Barkley Clark ("Mr. Clark"), pursuant to Federal Rules of Evidence 702 and 704.  Plaintiff, Caterpillar Financial Services Corporation ("Caterpillar") has filed a brief opposing the motion,  (ECF #62), and the Defendants filed a reply.  (ECF #64).  Having reviewed all submissions by the parties, the Court finds that the motion is premature and would be better addressed as a motion in limine when and if Mr. Clark is called to offer actual

testimony in this case.

Defendants object to Mr. Clark's report because they believe that it (1) contains "almost exclusively" an opinion on the interpretation or application of the law; (2) it involves an opinion on the ultimate issue in the case; (3) it is not supported by reliable methodology; and (4) it is not relevant to the facts of this case.  A review of the arguments and the relevant law in case reveal that Mr. Clark's report contains some opinions that may overlap with the Court's role in interpreting or applying the law, but that it also contains opinions which may be perfectly appropriate subjects for an expert opinion.  The appropriateness of the opinions challenged by the Defendants will depend on the issues and circumstances existing at the time the testimony is offered and cannot be properly evaluated until such a time.  Further, in non-scientific fields, experts may base their opinions on their specialized knowledge and experience, and an identifiable scientific methodology may not be strictly required.  *See, Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004).  A challenge to the methodology used in any particular case is better addressed by a request for a Daubert hearing, than an early motion to exclude an expert's report.

In short, the Court finds that the motion to exclude Mr. Clark's expert report is premature insofar as his testimony has not yet been offered in any formal manner in support of the Plaintiff's case.  The Court cannot properly evaluate the appropriateness of Mr. Clark's testimony until it knows the circumstances and issues in place at the time of its proffer. Therefore, the Defendants Motion to Exclude Mr. Clark's testimony is denied at this time.  The Court, however, reserves the right to re-visit the Defendants' objections if and when Mr. Clark's report and opinions are actually offered as testimony in this case.

IT IS SO ORDERED.

*/s/Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED:  March 21, 2008